| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Douglas A. Plazak, #181709, dplazak@rhalaw.com<br>Reid & Hellyer, APC<br>3880 Lemon Street, Suite 500<br>P.O. Box 1300<br>Riverside, CA 92502-1300<br>Telephone: 951-682-1771<br><br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>Acquiplied Assets, B.T.<br><br><br><br><br><br>Debtor(s). | CASE NO: 2:18-bk-18709-NB<br>CHAPTER: 7<br><br>**NOTICE OF MOTION AND MOTION<br>FOR RELIEF FROM THE AUTOMATIC<br>STAY UNDER 11 U.S.C. § 362<br>(with supporting declarations)<br>(REAL PROPERTY)**<br><br>DATE: 11/12/2019<br>TIME: 10:00 a.m.<br>COURTROOM: #1545 |

**Movant:** Yoram Levy and Ruthi Levy, Trustees of the Yoram Levy and Ruthi Levy Revocable Living Trust Dated 5/13, as to an undivided 45.833% interest, ***see attached

1. **Hearing Location:**

☒ 255 East Temple Street, Los Angeles, CA 90012    ☐ 411 West Fourth Street, Santa Ana, CA 92701
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

MOVANTS CONTINUED:

Yoram Levy and Ruthie Levy, Trustees of the Yoram Levy and Ruthie Levy Recovable Living Trust dated 5/13/02

Joseph Yavin

Daniel Grosz Trustee FBO Daniel E. Grosz MD a Professional Corporation Defined Benefit Pension Plan & TST

Martin Schuster, MD Defined Benefit Pension Plan

Ellen Gursky

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 10/22/2019

Reid & Hellyer, APC
_____
Printed name of law firm (if applicable)

Douglas A. Plazak
_____
Printed name of individual Movant or attorney for Movant

/s/ Douglas A. Plazak
_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (specify):

2. **The Property at Issue (Property):**

   a. Address:

   Street address: 4833-4835 Genevieve Avenue & 1107 Yosemite Drive, Los Angeles, CA 90041
   Unit/suite number:
   City, state, zip code:

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit  1    ):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13 was filed on (date)  07/30/2018  .

   b. ☒ An order to convert this case to chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (date) 10/10/2018  .

   c. ☐ A plan, if any, was confirmed on (date) _____ .

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☒ Movant's interest in the Property is not adequately protected.

   (A) ☒ Movant's interest in the Property is not protected by an adequate equity cushion.

   (B) ☒ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

   (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☐ The bankruptcy case was filed in bad faith.

   (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

   (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

   (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   (F) ☐ Other (see attached continuation page).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(3) ☐ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
       ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12
       trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not
       been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____,
    which is ☐ prepetition ☐ postpetition.

(6) ☒ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to
§ 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or
30 days after the court determined that the Property qualifies as "single asset real estate" as defined in
11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay,
hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or
       court approval; or

    (2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have
been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed
with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify)*:


6. **Evidence in Support of Motion: (Declaration(s) MUST be signed under penalty of perjury and attached to this
motion)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☒ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set
forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case
commencement documents are attached as Exhibit 2____.

d. ☒ Other:
The case has been pending for over one year.  Debtor has not made payments on the account since
January 2018

7. ☐ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                  Page 4                                  **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1.  Relief from the stay is granted under: ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3).

2.  ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3.  ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4.  ☐ Confirmation that there is no stay in effect.

5.  ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6.  ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8.  ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9.  ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date: 10/22/2019

Reid & Hellyer, APC
Printed name of law firm (*if applicable*)
Douglas A. Plazak
Printed name of individual Movant or attorney for Movant

/s/ Douglas A. Plazak
Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) Pam Sosa _____, declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    a.  ☐ I am the Movant.

    b.  ☐ I am employed by Movant as (*state title and capacity*):

    c.  ☐ Other (*specify*): I am the owner of Movant's servicing agent, Standard Mortgage Financial Services, Inc.

2.  a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b. ☐ Other (*see attached*):

3.  The Movant is:

    a. ☐ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

    b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _3___.

    c. ☐ Servicing agent authorized to act on behalf of the:
        ☐ Holder.
        ☐ Beneficiary.

    d. ☐ Other (*specify*):

4.  a.  The address of the Property is:

        *Street address*: 4833-4835 Genevieve Avenue & 1107 Yosemite Drive,
        *Unit/suite no.*:
        *City, state, zip code*: Los Angeles, CA 90041

    b.  The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:
        Deed of Trust recorded 12/28/2017 as Doc. #20171507386, Los Angeles County Record

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 6                          F 4001-1.RFS.RP.MOTION

5. Type of property (*check all applicable boxes*):

   a. ☐ Debtor's principal residence      b. ☐ Other residence
   c. ☐ Multi-unit residential            d. ☐ Commercial
   e. ☐ Industrial                        f. ☐ Vacant land
   g. ☒ Other (*specify*): Two separate single family residences

6. Nature of the Debtor's interest in the Property:

   a. ☒ Sole owner

   b. ☐ Co-owner(s) (*specify*):

   c. ☐ Lienholder (*specify*):

   d. ☐ Other (*specify*):

   e. ☒ The Debtor ☒ did ☐ did not list the Property in the Debtor's schedules.

   f. ☒ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☒ trust deed.
      The deed was recorded on (*date*) 12/28/2017 .

7. Movant holds a    ☒ deed of trust  ☐ judgment lien  ☐ other (*specify*) _____
   that encumbers the Property.

   a. ☒ A true and correct copy of the document as recorded is attached as Exhibit 3 .

   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
      attached as Exhibit 4 .

   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
      trust to Movant is attached as Exhibit _____.

8. Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 600,000.00 | $ 600,000.00 | $ 600,000.00 |
| b. | Accrued interest: | $ 38,153.42 | $ 116,991.78 | $ 116,991.78 |
| c. | Late charges | $ 3341.88 | $ 7797.72 | $ 11,139.60 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 2,060.00 | $ 6,510.30 | $ 8,570.30 |
| e. | Advances (property taxes, insurance): | $ 5165.84 | $ 2,542.01 | $ 7,707.85 |
| f. | Less suspense account or partial balance paid: | $[          ] | $[          ] | $[          ] |
| g. | TOTAL CLAIM as of (*date*): | $ | $ | $ 744,409.53 |

   h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action
   has occurred*):

   a. Notice of default recorded on (*date*) 04/25/2018  or ☐ none recorded.

   b. Notice of sale recorded on (*date*) _____ or ☒ none recorded.

   c. Foreclosure sale originally scheduled for (*date*) _____ or ☒ none scheduled.

   d. Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled.

   e. Foreclosure sale already held on (*date*) _____ or ☒ none held.

   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ (*chapter 7 and 11 cases only*) Status of Movant's loan:

   a. Amount of current monthly payment as of the date of this declaration: $ 5,569.77_____ for the month of 02/01_____ 20 18.

   b. Number of payments that have come due and were not made: _21___. Total amount: $ 116,965.17_____

   c. Future payments due by time of anticipated hearing date (*if applicable*):

      An additional payment of $ 5,569.77_____ will come due on (*date*) 11/01/2019 , and on the 1st__ day of each month thereafter. If the payment is not received within 10 ___ days of said due date, a late charge of $ 10% of each late pymt will be charged to the loan.

   d. The fair market value of the Property is $ 1,480,000.00_____, established by:

      (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

      (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

      (3) ☒ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _2___.

      (4) ☐ Other (*specify*):

   e. **Calculation of equity/equity cushion in Property:**

      Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Yoram & Ruthie Levy, et al. | $ 600,000.00 | $ 744,409.53 |
| 2nd deed of trust: | The Gold 401k Profit Sharing Plan, et al. | $ 105,000.00 | $ 136,313.24 |
| 3rd deed of trust: | Private Money Lenders | $ 53,557.00 | $ 50,464.15 |
| Judgment liens: | | $ | $ |
| Taxes: | LA Tax Collector | $ 15,054.00 | $ 15,054.00 |
| Other: | | $ | $ |
| **TOTAL DEBT:** $ 946,240.92 | | | |

   f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit 3 &4 and consists of:

      (1) ☐ Preliminary title report.

      (2) ☐ Relevant portions of the Debtor's schedules.

      (3) ☒ Other (*specify*): Recorded Deeds of Trust

   g. ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
      I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ 744,409.53_____ and is 50_____% of the fair market value of the Property.

   h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
      By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 8                                    **F 4001-1.RFS.RP.MOTION**

i. ☒ Estimated costs of sale: $ 118,400.00_____ (estimate based upon _8_____% of estimated gross sales price)

j. ☒ The fair market value of the Property is declining because:
Movant believes that Debtor is allowing the property to deteriorate by not providing adequate maintenance.

12. ☐ *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for *(or concluded on)* the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date *(if applicable):* _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:            $
*(For details of type and amount, see Exhibit _____)*

e. Attorneys' fees and costs:            $
*(For details of type and amount, see Exhibit _____)*

f. Less suspense account or partial paid balance:            $[            ]

            TOTAL POSTPETITION DELINQUENCY:            $

g. Future payments due by time of anticipated hearing date *(if applicable):* _____.
An additional payment of $_____ will come due on _____, and on
the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late
charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
$_____ received on *(date)* _____
$_____ received on *(date)* _____
$_____ received on *(date)* _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan *(attach LBR form F 4001-1.DEC.AGENT.TRUSTEE).*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*            Page 9            **F 4001-1.RFS.RP.MOTION**

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B).  More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property.  A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents.  Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (*specify*):

18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

        1. Case name: _____
        Chapter: _____   Case number: _____
        Date dismissed: _____   Date discharged: _____   Date filed: _____
        Relief from stay regarding the Property ☐ was ☐ was not  granted.

        2. Case name: _____
        Chapter: _____   Case number: _____
        Date dismissed: _____   Date discharged: _____   Date filed: _____
        Relief from stay regarding the Property ☐ was ☐ was not  granted.

        3. Case name: _____
        Chapter: _____   Case number: _____
        Date dismissed: _____   Date discharged: _____   Date filed: _____
        Relief from stay regarding the Property ☐ was ☐ was not  granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 10                                    **F 4001-1.RFS.RP.MOTION**

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

10-17-19
_____
Date

Pam Sosa
_____
Printed name

_____
Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                              Page 11                              F 4001-1.RFS.RP.MOTION

# EXHIBIT 1

Order No.: 00490502-996-LAT

# EXHIBIT A

## LEGAL DESCRIPTION

8

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Parcel 1:

Lot 61 of Tract No. 5401, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 57, Page 23 of Maps, in the Office of the County Recorder of said County.

APN: 5690-029-029

Parcel 2:

That portion of Lot 62 of Tract No. 5401, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 57 Page 23 of Maps, in the Office of the County Recorder of said County, lying Northerly of the Easterly prolongation of the Southerly line of Lot 45 of said Tract.

Excepting and reserving unto the City of Los Angeles, all oil, gas, water and mineral rights now vested in the City of Los Angeles without, however, the right to use the surface of said land or any portion thereof to a depth of 500 feet below the surface, for the extraction of such oil, gas, water and minerals.

APN: 5690-029-39 (Vacant Land)

APN: 5690-029-029 & 5690-029-039

# EXHIBIT 2

Case 2:18-bk-18709-NB    Doc 20    Filed 08/13/18    Entered 08/13/18 22:42:16    Desc
Main Document        Page 1 of 8

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Acquiplied Assets, B.T. |
| United States Bankruptcy Court for the: | Central _____ District of California (State) |
| Case number (if known): | 2:18-bk-18709-NB |

☐ Check if this is an
   amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:   Cash and cash equivalents

1. Does the debtor have any cash or cash equivalents?

☐ No. Go to Part 2.
☒ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. Cash on hand    $_____

3. Checking, savings, money market, or financial brokerage accounts *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. Wells Fargo Bank | Checking | 6 3 3 1 | $ 79.00 |
| 3.2. _____ | _____ | ____ ____ ____ ____ | $_____ |

4. Other cash equivalents *(Identify all)*

| 4.1. _____ | $_____ |
| 4.2. _____ | $_____ |

5. Total of Part 1
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.    $ 79.00

### Part 2:   Deposits and prepayments

6. Does the debtor have any deposits or prepayments?

☒ No. Go to Part 3.
☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. Deposits, including security deposits and utility deposits

Description, including name of holder of deposit

| 7.1. _____ | $_____ |
| 7.2. _____ | $_____ |

Case 2:18-bk-18709-NB    Doc 20    Filed 08/13/18    Entered 08/13/18 22:42:16    Desc
Main Document    Page 2 of 8

Debtor ___Acquiplied Assets, B.T._____  Case number (if known)___2:18-bk-18709-NB____
       Name

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1 _____    $_____

8.2 _____    $_____

**9   Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81.                            $_____

---

**Part 3:    Accounts receivable**

**10.  Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☒ Yes. Fill in the information below.

Current value of debtor's interest

**11.  Accounts receivable**

| | face amount | | doubtful or uncollectible accounts | | Current value of debtor's interest |
|---|---|---|---|---|---|
| 11a. 90 days old or less: | 280,000.00 | − | _____ | = ....→ | $ 280,000.00 |
| 11b. Over 90 days old: | 260,370.00 | − | _____ | = ....→ | $ 260,370.00 |

**12.  Total of Part 3**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.       $ 540,370.00

---

**Part 4:    Investments**

**13.  Does the debtor own any investments?**

☒ No. Go to Part 5.

☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14.  Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

| 14.1 _____ | _____ | $_____ |
| 14.2 _____ | _____ | $_____ |

**15.  Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                   % of ownership:

| 15.1 _____ | _____% | _____ | $_____ |
| 15.2 _____ | _____% | _____ | $_____ |

**16.  Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

| 16.1 _____ | _____ | $_____ |
| 16.2 _____ | _____ | $_____ |

**17.  Total of Part 4**
Add lines 14 through 16. Copy the total to line 83.                          $_____

---

Debtor    Acquiplied Assets, B.T.    Case number *(if known)*    2:18-bk-18709-NB
 Name

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**
☒ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| _____ | MM / DD / YYYY | $_____ | | $_____ |
| **20. Work in progress** | | | | |
| _____ | MM / DD / YYYY | $_____ | | $_____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | MM / DD / YYYY | $_____ | | $_____ |
| **22. Other inventory or supplies** | | | | |
| _____ | MM / DD / YYYY | $_____ | | $_____ |

23. **Total of Part 5**
Add lines 19 through 22. Copy the total to line 84.

$_____

24. **Is any of the property listed in Part 5 perishable?**
☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Book value _____  Valuation method_____  Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**
☒ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $_____ | | $_____ |

Case 2:18-bk-18709-NB    Doc 20    Filed 08/13/18    Entered 08/13/18 22:42:16    Desc
Main Document      Page 4 of 8

Debtor ___Acquiplied Assets, B.T._____    Case number (if known)__2:18-bk-18709-NB____
        Name

33. **Total of Part 6.**
    Add lines 28 through 32. Copy the total to line 85.                                    $_____

34. **Is the debtor a member of an agricultural cooperative?**

    ❏ No
    ❏ Yes. Is any of the debtor's property stored at the cooperative?

        ❏ No
        ❏ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ❏ No
    ❏ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ❏ No
    ❏ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ❏ No
    ❏ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
| --- | --- |

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    ☒ No. Go to Part 8.
    ❏ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- |
| 39. **Office furniture** | | | |
| _____ | $_____ | _____ | $_____ |
| 40. **Office fixtures** | | | |
| _____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**
    Add lines 39 through 42. Copy the total to line 86.                                   $_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

    ❏ No
    ❏ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

    ❏ No
    ❏ Yes

Case 2:18-bk-18709-NB    Doc 20    Filed 08/13/18    Entered 08/13/18 22:42:16    Desc
Main Document    Page 5 of 8

Debtor    Acquiplied Assets, B.T.    Case number (if known)    2:18-bk-18709-NB
Name

---

**Part 8:    Machinery, equipment, and vehicles**

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.  Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1 _____ | $ _____ | _____ | $ _____ |
| 47.2 _____ | $ _____ | _____ | $ _____ |
| 47.3 _____ | $ _____ | _____ | $ _____ |
| 47.4 _____ | $ _____ | _____ | $ _____ |
| **48.  Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1 _____ | $ _____ | _____ | $ _____ |
| 48.2 _____ | $ _____ | _____ | $ _____ |
| **49.  Aircraft and accessories** | | | |
| 49.1 _____ | $ _____ | _____ | $ _____ |
| 49.2 _____ | $ _____ | _____ | $ _____ |
| **50.  Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $ _____ | _____ | $ _____ |

51.  **Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87.

$ _____

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**
☐ No
☐ Yes

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☐ No
☐ Yes

Case 2:18-bk-18709-NB    Doc 20    Filed 08/13/18    Entered 08/13/18 22:42:16    Desc

Debtor    Acquiplied Assets, B.T.    Main Document        Page 6 of 9  Case number (if known)   2:18-bk-18709-NB
      Name

---

**Part 9:    Real property**

54. **Does the debtor own or lease any real property?**
☐ No. Go to Part 10.
☒ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1  4335 Genevieve Avenue | Trustee | $ 740,000 | Comparables | $ 740,000 |
| 55.2  2881 Marsh | Trustee | $ 600,000 | Appraisal | $ 600,000 |
| 55.3  1107 Yosemite Drive | Trustee | $ 740,000 | Comparables | $ 740,000 |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

56. **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ 2,080,000.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
☒ No
☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☐ No
☒ Yes

---

**Part 10:    Intangibles and Intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**
☐ No. Go to Part 11.
☒ Yes. Fill in the information below.

| General description | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites**<br>     acquiplied.com | $ | | $ Unknown |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

$ Unknown

Debtor _____   Case number *(if known)* _2:18-bk-18709-NB____
          Name

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
   ☒ No
   ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
   ☒ No
   ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
   ☒ No
   ☐ Yes

## Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.
   ☒ No. Go to Part 12.
   ☐ Yes. Fill in the information below.

|  |  | Current value of debtor's interest |
|---|---|---|

71. **Notes receivable**
   Description (include name of obligor)

   _____   _____  −  _____  = →   $_____
                                     Total face amount        doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

   Description (for example, federal, state, local)

   _____      Tax year _____   $_____
   _____      Tax year _____   $_____
   _____      Tax year _____   $_____

73. **Interests in insurance policies or annuities**

   _____                         $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

   _____                         $_____

   **Nature of claim**    _____
   **Amount requested**   $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

   _____                         $_____

   **Nature of claim**    _____
   **Amount requested**   $_____

76. **Trusts, equitable or future interests in property**

   _____                         $_____

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

   _____                         $_____
   _____                         $_____

78. **Total of Part 11.**
   Add lines 71 through 77. Copy the total to line 90.                $_____

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
   ☐ No
   ☐ Yes

Case 2:18-bk-18709-NB    Doc 20    Filed 08/13/18    Entered 08/13/18 22:42:16    Desc
Main Document        Page 8 of 8

Debtor    Acquiplied Assets, B.T.                                    Case number (if known)    2:18-bk-18709-NB
         Name

| Part 12: | Summary |

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 79 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 540,370 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ | |
| 88. **Real property.** *Copy line 56, Part 9.* ..............................➜ | | $ 2,080,000 |
| 89. **Intangibles and Intellectual property.** *Copy line 66, Part 10.* | $ | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ | |
| 91. **Total.** Add lines 80 through 90 for each column. ............91a. | $ 540,449 | + 91b. $ 2,080,000 |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ..................................................................    $ 2,620,449

**Fill in this information to identify the case:**

Debtor name  Acquiplied Assets, B.T.

United States Bankruptcy Court for the:  Central   District of  California
(State)

Case number (if known):  2:18-bk-18709-NB

☐ Check if this is an amended filing

## Official Form 206D
# Schedule D: Creditors Who Have Claims Secured by Property     12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☒ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|---|

**2.1**  Creditor's name
Allstar Financial

Creditor's mailing address
20700 Ventura Blvd., #222
Woodland Hills, CA 91364

Creditor's email address, if known

Date debt was incurred  3/28/16
Last 4 digits of account number  2 0 5 4

Do multiple creditors have an interest in the same property?
☒ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

Describe debtor's property that is subject to a lien
2801 Marsh Street
Los Angeles, CA 90039

Describe the lien
1st Deed of Trust

Is the creditor an insider or related party?
☒ No
☐ Yes

Is anyone else liable on this claim?
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$ 357,000     $ 600,000

---

**2.2**  Creditor's name
Yoram & Ruthie Levy

Creditor's mailing address
17715 Chatsworth Street, #101
Granada Hills, CA 91344

Creditor's email address, if known

Date debt was incurred  12/28/17
Last 4 digits of account number  0 2 6 3

Do multiple creditors have an interest in the same property?
☐ No
☒ Yes. Have you already specified the relative priority?
   ☐ No  Specify each creditor, including this creditor, and its relative priority.
   ☒ Yes. The relative priority of creditors is specified on lines 1st TD: 2.2, 2.3, 2.4, 2.5, 2.6; 2nd TD: 2.7, 2.8; 3rd TD: 2.9

Describe debtor's property that is subject to a lien
4835 Genevieve Avenue 90041
1107 Yosemite Drive 90041

Describe the lien
45.833% interest in 1st Deed of Trust

Is the creditor an insider or related party?
☒ No
☐ Yes

Is anyone else liable on this claim?
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

2.TO Property Taxes, then:

$ 301,123     $ 1,480,000

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**     $ 1,187,611

Debtor ___Acquiplied Assets, B.T._____   Case number (if known)  2:18-bk-18709-NB
         Name

| Part 1: | Additional Page | | | Column A<br>Amount of claim<br>Do not deduct the value<br>of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim |
|---|---|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2.3**  **Creditor's name**
Joseph Yavin

**Creditor's mailing address**
17715 Chatsworth Street, #101
Granada Hills, CA 91344

**Creditor's email address, if known**

**Date debt was incurred** 12/28/17
**Last 4 digits of account number** 0 2 6 3

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.

☒ Yes. The relative priority of creditors is specified on lines 1st TD: 2.2, 2.3, 2.4, 2.5, 2.6;  2nd TD: 2.7, 2.8;  3rd TD: 2.9

**Describe debtor's property that is subject to a lien**
4835 Genevieve Avenue 90041
1107 Yosemite Drive 90041                     $ 109,502      $1,480,000

**Describe the lien**
16.667% interest in 1st Deed of Trust

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

2.10 Property Taxes, then:

**2.4**  **Creditor's name**
Daniel E. Grosz, MD

**Creditor's mailing address**
17715 Chatsworth Street, #101
Granada Hills, CA 91344

**Creditor's email address, if known**

**Date debt was incurred** 12/28/17
**Last 4 digits of account number** 0 2 6 3

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.

☒ Yes. The relative priority of creditors is specified on lines 1st TD: 2.2, 2.3, 2.4, 2.5, 2.6;  2nd TD: 2.7, 2.8;  3rd TD: 2.9

**Describe debtor's property that is subject to a lien**
4835 Genevieve Avenue 90041
1107 Yosemite Drive 90041                     $ 109,502      $1,480,000

**Describe the lien**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

2.10 Property Taxes, then:

Case 2:18-bk-18709-NB    Doc 21    Filed 08/13/18    Entered 08/13/18 22:45:58    Desc
Main Document    Page 3 of 6

| Debtor | Acquiplied Assets, B.T. | Case number (if known) | 2:18-bk-18709-NB |
|---|---|---|---|
| | Name | | |

| **Part 1:** | **Additional Page** | | **Column A**<br>Amount of claim<br>Do not deduct the value<br>of collateral. | **Column B**<br>Value of collateral<br>that supports this<br>claim |
|---|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2.5**

**Creditor's name**

Martin Schuster

**Creditor's mailing address**

17715 Chatsworth Street, #101
Granada Hills, CA 91344

**Creditor's email address, if known**

**Date debt was incurred**    12/28/17

**Last 4 digits of account number**    0 2 6 3

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   ☒ Yes. The relative priority of creditors is specified on lines 1st TD: 2.2, 2.3, 2.4, 2.5, 2.6; 2.10 Property Taxes, then: 2nd TD: 2.7, 2.8; 3rd TD: 2.9

**Describe debtor's property that is subject to a lien**

4835 Genevieve Avenue 90041
1107 Yosemite Drive 90041

$ 109,502          $1,480,000

**Describe the lien**
16.667% interest in 1st Deed of Trust

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

---

**2.6**

**Creditor's name**

Ellen Gursky

**Creditor's mailing address**

17715 Chatsworth Street, #101
Granada Hills, CA 91344

**Creditor's email address, if known**

**Date debt was incurred**    12/28/17

**Last 4 digits of account number**    0 2 6 3

**Do multiple creditors have an interest in the same property?**
☐ No
☒ Yes. Have you already specified the relative priority?
   ☐ No. Specify each creditor, including this creditor, and its relative priority.

   ☒ Yes. The relative priority of creditors is specified on lines 1st TD: 2.2, 2.3, 2.4, 2.5, 2.6; 2.10 Property Taxes, then: 2nd TD: 2.7, 2.8; 3rd TD: 2.9

**Describe debtor's property that is subject to a lien**

4835 Genevieve Avenue 90041
1107 Yosemite Drive 90041

$ 27,371          $1,480,000

**Describe the lien**
4.166% interest in 1st Deed of Trust

**Is the creditor an insider or related party?**
☒ No
☐ Yes

**Is anyone else liable on this claim?**
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Case 2:18-bk-18709-NB    Doc 21    Filed 08/13/18    Entered 08/13/18 22:45:58    Desc
Main Document    Page 4 of 6

| Debtor | Acquiplied Assets, B.1. | | Case number (if known) | 2:18-bk-18709-NB |
| | Name | | | |

| Part 1: | Additional Page | | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**2.7** Creditor's name

Jonathan Brooks

Describe debtor's property that is subject to a lien

4835 Genevieve Avenue 90041
1107 Yosemite Drive 90041
$ __52,500__   $1,480,000

Creditor's mailing address

15915 Ventura Blvd 203
Encino, CA 91436

Describe the lien
50% interest in 2nd Deed of Trust

Creditor's email address, if known

Is the creditor an insider or related party?
☒ No
☐ Yes

Date debt was incurred   12/28/17
Last 4 digits of account number   2 3 2 4

Is anyone else liable on this claim?
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Do multiple creditors have an interest in the same property?
☐ No
☒ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.
  _____
  _____
  _____
  ☒ Yes. The relative priority of creditors is specified on lines   2.10 Property Taxes, then: 1st TD: 2.2, 2.3, 2.4, 2.5, 2.6;  2nd TD: 2.7, 2.8;  3rd TD: 2.9

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☒ Disputed

**2.8** Creditor's name

TSG Financial Corp.

Describe debtor's property that is subject to a lien

4835 Genevieve Avenue 90041
1107 Yosemite Drive 90041
$ __52,500__   $1,480,000

Creditor's mailing address

16325 Rainbow Ridge
Chino Hills, CA 91709

Describe the lien
50% interest in 2nd Deed of Trust

Creditor's email address, if known

Is the creditor an insider or related party?
☒ No
☐ Yes

Date debt was incurred   12/28/17
Last 4 digits of account number   2 3 2 4

Is anyone else liable on this claim?
☒ No
☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

Do multiple creditors have an interest in the same property?
☒ No
☐ Yes. Have you already specified the relative priority?
  ☐ No. Specify each creditor, including this creditor, and its relative priority.
  _____
  _____
  _____
  ☒ Yes. The relative priority of creditors is specified on lines   2.10 Property Taxes, then: 1st TD: 2.2, 2.3, 2.4, 2.5, 2.6;  2nd TD: 2.7, 2.8;  3rd TD: 2.9

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☒ Disputed

Case 2:18-bk-18709-NB    Doc 21    Filed 08/13/18    Entered 08/13/18 22:45:58    Desc
Debtor    Acquiplied Assets, B.T.    Main Document    Page 5 of 6    2:18-bk-18709-NB
Name    Case number (if known)

| Part 1: | **Additional Page** | | Column A<br>Amount of claim<br>Do not decuct the value<br>of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim |
|---|---|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

---

**2.9** Creditor's name

Private Money Lenders

Creditor's mailing address

17715 Chatsworth Street, #101
Granada Hills, CA 91344

Creditor's email address, if known

_____

Date debt was incurred    12/28/17
Last 4 digits of account
number    0 2 6 4

Do multiple creditors have an interest in the
same property?
❑ No
☒ Yes. Have you already specified the relative
priority?
  ❑ No. Specify each creditor, including this
  creditor, and its relative priority.
  _____
  _____
☒ Yes. The relative priority of creditors is
specified on lines 1st TD: 2.2, 2.3, 2.4, 2.5, 2.6;

Describe debtor's property that is subject to a lien

4835 Genevieve Avenue 90041
1107 Yosemite Drive 90041    $ 53,557    $ 1,480,000

Describe the lien
3rd Deed of Trust

Is the creditor an insider or related party?
☒ No
❑ Yes

Is anyone else liable on this claim?
☒ No
❑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
❑ Contingent
❑ Unliquidated
❑ Disputed

2.10 Property Taxes, then:
2nd TD: 2.7, 2.8;  3rd TD: 2.9

---

**2.10** Creditor's name

Los Angeles County Tax Collector

Creditor's mailing address

P.O. Box 54110
Los Angeles, CA 90054

Creditor's email address, if known

_____

Date debt was incurred    12/2017
Last 4 digits of account
number    9 0 2 9

Do multiple creditors have an interest in the
same property?
❑ No
☒ Yes. Have you already specified the relative
priority?
  ❑ No. Specify each creditor, including this
  creditor, and its relative priority.
  _____
  _____
☒ Yes. The relative priority of creditors is
specified on lines 1st TD: 2.2, 2.3, 2.4, 2.5, 2.6;

Describe debtor's property that is subject to a lien

4835 Genevieve Avenue 90041
1107 Yosemite Drive 90041    $ 15,054    $ 1,480,000

Describe the lien
Property Taxes

Is the creditor an insider or related party?
☒ No
❑ Yes

Is anyone else liable on this claim?
❑ No
❑ Yes. Fill out Schedule H: Codebtors (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply
❑ Contingent
❑ Unliquidated
❑ Disputed

2.10 Property Taxes, then:
2nd TD: 2.7, 2.8;  3rd TD: 2.9

---

Case 2:18-bk-18709-NB    Doc 21    Filed 08/13/18    Entered 08/13/18 22:45:58    Desc
Main Document      Page 6 of 6

Debtor  __Acquiplied Assets, B.T.__                              Case number (if known) __2:18-bk-18709-NB__
        Name

---

| **Part 2:** | **List Others to Be Notified for a Debt Already Listed in Part 1** |

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| Mitchell Feinstein<br>2121 Rosecrans Avenue 2320<br>El Segundo, CA 90245 | Line 2. 7 | 2 3 2 4 |
| James Vickman<br>424 South Beverly Drive<br>Beverly Hills, CA 90212 | Line 2. 7 | 2 3 2 4 |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |

# EXHIBIT 3

This page is part of your document - DO NOT DISCARD



## 20171507386



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/28/17 AT 08:00AM**

Pages:
0008

| | |
|---|---|
| FEES: | 61.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 61.00 |



**LEADSHEET**



201712280200001

00014717139



008815342

**SEQ:**
**16**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

T50

RECORDING REQUESTED BY:
Ticor Title Company of California

Recording Requested By
Private Money Lenders, Inc.
490502

When Recorded Mail To
Private Money Lenders, Inc.
17715 Chatsworth Street, Suite 101
Granada Hills  CA  91344

Title Order No.



12/28/2017
*20171507386*

Space above this line for recorder's use

# DEED OF TRUST

RECORDER: INDEX FOR SPECIAL NOTICE

Loan No. 30263

This Deed of Trust, made this 29th day of **November 2017**, among the Trustor, **Acquiplied Authority, Ltd., a Nevada Corporation as Trustee of the Acquiplied Assets, B. T. a Nevada Business Trust, Robert Brown Principal** (herein "Borrower"), **Standard Mortgage Financial Services, Inc.** (herein "Trustee"), and the Beneficiary, **Yoram Levy and Ruthie Levy, Trustees of the Yoram Levy and Ruthie Levy Revocable Living Trust dated 5/13/03 as to an undivided 45.833% interest. and Joseph Yavin as to an undivided 16.667% interest. and Daniel Grosz Trustee FBO Daniel E. Grosz MD a Professional Corporation Defined Benefit Pension Plan & TST as to an undivided 16.667% interest. and Martin Schuster, MD Defined Benefit Pension Plan as to an undivided 16.667% interest. and Ellen Gursky as to an undivided 4.166% interest.** (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of **Los Angeles**, State of California: See attached legal description, which has the address of **4833-4835 Genevieve Avenue & 1107 Yosemite Drive Los Angeles CA 90041** (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

**SEE EXHIBIT "A"**
**ATTACHED**

THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:
(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated **11/29/2017**, in the principal sum of U.S. $600,000.00; with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the **Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend** generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

**1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

**2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is  not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust. Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **Standard Mortgage Financial Services, Inc., 6820 Indiana Avenue, Suite 260 Riverside CA 92506** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or

a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _Los Angeles_

On _12/4/2017_ before me, _ABRAHAM KHOUREIS, Notary Public_,
personally appeared _ROBERT BROWN, representing Acquplied Authority, LTD._
_as its Principal._

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature

ABRAHAM KHOUREIS
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2110384
MY COMM. EXPIRES JUNE 4, 2019

(Seal)

## REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

_____    _____    _____    _____
Signature of Beneficiary (the "LENDER")    Date    Signature of Beneficiary (the "LENDER")    Date

When recorded, mail to

Att: _____

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

---

### REQUEST FOR SPECIAL NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST

---

In accordance with Section 2924b of the Civil Code, Request is hereby made by the undersigned Trustor that a copy of any default and a copy of any notice of sale under deed of trust recorded in Book _____, Page(s) _____, Instrument No._____, Official Records of County Recorder of _____ County, California. The original Trustor

_____ and the original Trustee
_____ and the original .
Beneficiary _____
Mail to:

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

Robert Brn  12/4/17                    _____

Borrower   Acquiplied Authority, Ltd., a Nevada      Date        Borrower                                  Date
           Corp as Trustee of Acquiplied
           Assets, B. T. a Nevada Business
           Trust by Robert Brown, Principal

Order No.: 00490502-996-LAT

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Parcel 1:

Lot 61 of Tract No. 5401, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 57, Page 23 of Maps, in the Office of the County Recorder of said County.

APN: 5690-029-029

Parcel 2:

That portion of Lot 62 of Tract No. 5401, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 57 Page 23 of Maps, in the Office of the County Recorder of said County, lying Northerly of the Easterly prolongation of the Southerly line of Lot 45 of said Tract.

Excepting and reserving unto the City of Los Angeles, all oil, gas, water and mineral rights now vested in the City of Los Angeles without, however, the right to use the surface of said land or any portion thereof to a depth of 500 feet below the surface, for the extraction of such oil, gas, water and minerals.

APN: 5690-029-39 (Vacant Land)

APN: 5690-029-029 & 5690-029-039

# NOTE SECURED BY A DEED OF TRUST

Loan Number: 30263                    Date: **11/29/2017**                    Granada Hills, California

<u>**4833-4835 Genevieve Avenue & 1107 Yosemite Drive Los Angeles CA 90041**</u>
Property Address

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$600,000.00** (this amount will be called "principal"), plus interest, to the order of **Yoram Levy and Ruthie Levy, Trustees of the Yoram Levy and Ruthie Levy Revocable Living Trust dated 5/13/03 as to an undivided 45.833% interest. and Joseph Yavin as to an undivided 16.667% interest. and Daniel Grosz Trustee FBO Daniel E. Grosz MD a Professional Corporation Defined Benefit Pension Plan & TST as to an undivided 16.667% interest. and Martin Schuster, MD Defined Benefit Pension Plan as to an undivided 16.667% interest. and Ellen Gursky as to an undivided 4.166% interest.** (who will be called "Lender"). I understand that the Lender may transfer this Note. The Lender or anyone else who takes this Note by transfer and who is entitled to receive payments under this Note will be called the "Note Holder(s)."

## 2. INTEREST

I will pay interest at a yearly rate as described in paragraph 3 below.

Interest commences on **12/15/2017**, and, if paragraph 3 reflects more than one interest rate during the loan term, the rate will change on the date which is one (1) calendar month before each Payment Start Date.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

I also agree to pay interest at the rate described in paragraph 3 below on the prepaid finance charges which are a part of the principal.

## 3. PAYMENTS

My payments are    ☐ Interest Only    ☐ Fully Amortized    ☑ Other
I will make my payments each month as follows:

| Number of Payments | Payment Start Dates | Interest Rates | Payment Amounts |
|---|---|---|---|
| 47 | Monthly beginning February 1, 2018 | 11.00% | $5,569.77 |
| 1 | January 1, 2022 | 11.00% | $601,386.62 |

I will make these payments until I have paid all of the principal and interest and any other charges that I may owe under this Note. If on **01/01/2022** (the Due Date) I still owe amounts under this Note (balloon balance), I will pay all those amounts, in full, on that date.

I will make my payments payable to **Standard Mortgage Financial Services, Inc., 6820 Indiana Avenue, Suite 260 Riverside CA 92506**, or at a different place if I am notified by the Note Holder or the Agent for the Note Holder.

## 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge For Overdue Payments.** If I do not pay the full amount of each monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **10.000%** of my overdue payment or U.S. **$20.00**, whichever is more. I will pay this late charge only once on any late payment.

In the event a balloon payment is delinquent more than 10 days after the date it is due, I agree to pay a late charge in an amount equal to the maximum late charge that could have been assessed with respect to the largest single monthly installment previously due, other than the balloon payment, multiplied by the sum of one plus the number of months occurring since the late payment charge began to accrue.

**(B) Default.** If I do not pay the full amount of each monthly payment due under this Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(C) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees. A default upon any interest of any Note Holder shall be a default upon all interests.

## 5. BORROWER'S PAYMENTS BEFORE THEY ARE DUE - PREPAYMENT PENALTIES

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as "prepayment." If I pay all or part of the loan principal before it is due, whether such payment is made voluntarily or involuntarily, I

agree to pay a prepayment penalty computed as follows: **Any payments of principal during the first year of the loan in excess of 20% of the unpaid principal balance will include a penalty not to exceed 6 months advance interest at the note rate, but not more than the interest would be charge if the loan were paid to maturity. \*NO PREPAYMENT PENALTY AFTER 3 MONTHS.\***

## 6.  BORROWER'S WAIVERS

I waive my rights to require the Note Holder to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, also waives these rights. These persons are known as "guarantors, sureties and endorsers."

## 7.  RESPONSIBILITIES OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of the guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all of the amounts owed under this Note.

## 8.  THIS NOTE IS SECURED BY A DEED OF TRUST

In addition to the protection given to the Note Holder under this Note, a Deed of Trust (the "Security Instrument") with a Due-on-Transfer Clause dated the same date of this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in the Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Some of those conditions are described as follows:

"Lender's Right to Require The Loan to be Paid Off Immediately. If the borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver of the Lender's right to accelerate shall be effective unless it is in writing."

_____Robert Brown_____  11/30/17    _____

| Borrower | | Date | Borrower | Date |

Acquiplied Authority, Ltd., a Nevada
Corp as Trustee of Acquiplied
Assets, B. T. a Nevada Business
Trust by Robert Brown, Principal

---

# ASSIGNMENT OF NOTE
# SECURED BY A DEED OF TRUST

Date: _____

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to:


all beneficial interest under the within Note, without recourse, and Deed of Trust securing same

**DO NOT DESTROY THIS NOTE:** When paid it must be surrendered to the Trustee, together with the Deed of Trust securing same for cancellation, before reconveyance will be made.

INTEREST IS HEREBY ADJUSTED TO ACCRUE FROM <u>**12/27/2017**</u>
FIRST PAYMENT IS HEREBY ADJUSTED TO COMMENCE ON <u>**2/1/18**</u>
PRIVATE MONEY LENDERS, INC. AS AGENT FOR LENDERS

BY: _____
RIC DELA RAMA, LOAN FUNDING DEPARTMENT

# EXHIBIT 4

 This page is part of your document - DO NOT DISCARD 



# 20160212040

**Pages:**
**0010**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/26/16 AT 08:00AM**

| | |
|---|---|
| FEES | 67.00 |
| TAXES: | 0.00 |
| OTHER | 0.00 |
| PAID. | 67.00 |





**LEADSHEET**



201602260250006

**00011761081**



007403230

**SEQ:**
**23**

DAR - Title Company (Hard Copy)



 **THIS FORM IS NOT TO BE DUPLICATED**      R27      

Recording Requested By·

When Recorded Mail To
Sharyn Starr, Trustee
16161 Venture Blvd., Suite C-800
Encino, CA 91436

APN: 5690-029-029 & 5690-029-039



(This space for recorders use only)

## DEED OF TRUST WITH ABSOLUTE ASSIGNMENT OF RENTS
### (This Deed of Trust contains an Acceleration Clause)

This DEED OF TRUST made February 15, 2016, between:

Acquiplied Authority, Ltd  a Nevada Corporation as Trustee of Acquiplied Assets, B T., a Nevada Business Trust, Robert
Brown Principal

herein called TRUSTOR, whose address is  c/o Robert Brown, Esq. 117 E  Colorado Blvd., 4n00, Pasadena, CA 91105

and FCI Lender Servicing, Inc . herein called TRUSTEE, and

Richard M  Harmon, Trustee, TSG Financial Corp  401(K) Profit Sharing Plan and Trust, Plan C as to a 50% interest; The Gold
401K Profit Sharing Plan and Trust, Jonathan B  Brooks, Trustee as to a 50% interest, herein called BENEFICIARY.

WITNESSETH  The Trustor irrevocably GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE in trust, with
POWER OF SALE  those properties in the State of California, County of Los Angeles, City of Los Angeles , APN.
5690-029-029, at the physical address  4833 Genevieve Avenue  Los Angeles, CA 90041 and  APN: 5690-029-039;  at the
physical address  1107 Yosemite Drive, Los Angeles, CA 90041and described as

## SEE ATTACHED LEGAL DESCRIPTIONS    Exhibit "A"

LOS ANGELES COUNTY  ASSESSOR'S PARCEL NUMBER  5690-029-029 & 5690-029-039

Together with the rents, issues and profits thereof, together with all rights and interest of Trustor, to all appurtenances,

easements, community interests and licenses, and to oil, mineral, gas  water, water certificates, and hydrocarbon rights,

leases, and overriding royalties therein, and  all of these,  whether  appurtenant.  riparian  or appropriative. SUBJECT,

HOWEVER, to the right  power and authority given to and conferred upon Beneficiary by paragraph 11 of the provisions

incorporated by reference herein, to collect and apply such rents, issues and profits

ACCOMMODATION
This Document delivered to Recorder
as an accommodation only at the
express request of the parties hereto.
It has not been examined as to
its effect or validity.

INITIAL

FOR THE PURPOSE OF SECURING

(1) Performance of each agreement of Trustor incorporated by reference or contained herein,

(2) Payment of the indebtedness evidenced by one promissory note of even date herewith any amounts that may become due there under and all extensions, modifications, or renewals thereof in the principal sum of $40,000.00 executed by Trustor and payable to Beneficiary or order;

(3) Payment of all sums of money, with interest thereon, which may be paid out or advanced by or may otherwise be due to Trustee or Beneficiary under any provision of this Deed of Trust.

In the event of sale or transfer, conveyance or alienation of said real property, or any part thereof, or any interest therein, whether voluntary or involuntary, Beneficiary shall have the right of acceleration, at its option, to declare the Note secured by the Deed of Trust, irrespective of the maturity date expressed therein, and without demand or notice, immediately due and payable. No waiver of this right shall be effective unless it is in writing. Consent by the Beneficiary to one such transaction shall not constitute waiver of the right to require such consent to succeeding transactions.

To Protect the security of this Deed of Trust, and with respect to the property described above, Trustor expressly makes each of all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth as follows:

1. To keep said property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon, to keep all buildings, structures and other improvements now or hereafter situated on the above described property at all times entirely free of dry rot, fungus, rust, decay, termites, beetles, and any other destructive insects or elements; to pay when due all claims for labor performed and materials furnished therefore, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof, not to commit, suffer or permit any act upon said property in violation of law, to cultivate, irrigate, fertilize, fumigate, prune, and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general. Either Beneficiary or Trustee or both at any time during the continuation of this Deed of Trust may enter upon and inspect said property, provided such entry is reasonable as to time and manner.

2. To provide, maintain and deliver to Beneficiary fire insurance satisfactory and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

3. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, or in any action or proceeding instituted by Beneficiary or Trustee to protect or enforce the security of this Deed of Trust or the obligations secured hereby.

4. To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto, all costs fees and expenses of this Trust.

5. Should Trustor fail to make any payments or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees

INITIALS: _RB_

6. To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the rate prescribed in the Note. Should any additional funds be advanced on any note secured by a trust deed now of record, or should any change be made in the time or manner of paying such note or should any other action be taken by the undersigned with respect to such note whereby the security herein provided for shall be impaired in any manner whatsoever, then the Note secured hereby shall, at the option of the lender immediately become due and payable

7. Any award of damages or sums received in settlement in connection with any condemnation for public use of or any injury to said property or any part thereof from any cause, is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance

8 By accepting payment of any sum secured hereby after its due date Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay

Notwithstanding any provision herein or in the Note secured hereby to the contrary, Beneficiary or Trustee shall have the absolute right to direct the manner, order and amount in which payments shall be applied upon or allocated among the various items composing Trustor's indebtedness secured hereby

In the event of default in the payment of any of the moneys to be paid under the terms of the Note(s) secured hereby or in the performance of any of the covenants and obligations of this Deed of Trust, then any funds in the possession of the Beneficiary or other credits to which the Trustor would otherwise be entitled may at the option of the Beneficiary, be applied to the payment of any obligation secured hereby in such order as the Beneficiary may, in its sole discretion determine

9 At any time or from time to time, without liability therefore and without notice upon written request of Beneficiary and presentation of this Deed of said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may re-convey any part of said property; consent to the making of any map or plat thereof, join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee.

10. Upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall re-convey. without warranty, the property then held hereunder The recitals in such re-conveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such re-conveyance may be described as "the person or persons legally entitled thereto". The Trustee may destroy said Note, this Deed of Trust (and any other documents related thereto) upon the first to occur of the following 5 years after issuance of a full re-conveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full re-conveyance.

11. As additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority during the continuance of these Trusts, from time to time, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default Beneficiary may at any time and from time to time without notice, either in person or by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, an in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

12. Upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record Trustee shall be entitled to rely upon the correctness of such notice. Beneficiary also shall deposit with trustee this Deed said Note and all documents evidencing expenditures secured hereby

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale, having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note, all other sums then secured thereby, and the remainder, if any, to the person or persons legally entitled thereto.

13. This Deed applies to, inure to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, trustees, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the Note secured hereby, whether or not named as Beneficiary herein. In this Deed whenever the context so requires, the masculine gender includes the feminine and/or neuter and the singular number includes the plural. As used herein, "fixtures" includes but is not limited to carpeting, built-in appliances, draperies and drapery rods, shrubs, water tanks, plumbing, machinery, air conditioners, ducts and the like.

14. Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

15. Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

If Notice of default shall have been recorded, this power of substitution cannot be exercised until after the costs, fees and expenses of the then acting Trustee shall have been paid to such Trustee, who shall endorse receipt thereof upon such instrument of substitution. The procedure herein provided for substitution of Trustees shall not be exclusive of other provisions for substitution provided by law.

16. Trustor agrees to pay Beneficiary the maximum legal charge for a statement regarding the Trust Deed obligation herein.

17. Acceptance by Beneficiary of a partial payment on account, after Notice of Default has been recorded shall not be construed as curing the default nor as a waiver of past or future delinquencies of Trust Deed payment.

18. If the security under this Deed of Trust is a condominium or a community apartment or planned development project, Trustor agrees to perform each and every obligation of the owner of such condominium or interest in such project under the declaration of covenants, conditions and restrictions or bylaws or regulations pertaining to such condominium or project. Upon the request of Beneficiary, Trustor agrees to enforce against other owners in such condominium or project each and every obligation to be performed by them, if the same have not been performed or if valid legal steps have not been taken to enforce such performance within ninety (90) days after such request is made.

19. If the security for this Deed of Trust is a leasehold estate, Trustor agrees not to amend, change or modify his leasehold interest, or any of the terms thereof, or agree to do so, without the written consent of Beneficiary being first obtained. In the event of a violation of this provision, Beneficiary shall have the right, at its option, to declare all sums secured hereby immediately due and payable.

INITIALS 

20. THE FOLLOWING PROVISIONS MAY RESULT IN THE COMPOUNDING OF INTEREST ON YOUR LOAN  At the option of the Beneficiary, if any payment should be insufficient to pay the interest then due, the balance of interest remaining shall be added to principal and will bear interest at the Note rate as the principal.

At the option of the Beneficiary, if any principal and/or interest installments, late charges, advances and/or costs should be repaid through or by any forbearance, bankruptcy plan or similar repayment plan, the total sum of these amounts will bear interest at the Note rate from the date due or advanced until the date repaid

21  MULTIPLE LENDER LOANS  The beneficiaries (or Assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person action on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure

The undersigned Trustor(s), requests that a copy of any Notice of Default and any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

_Robert Brown_                    2-19-16
————————————————                 ————
Acquipled Authority, Ltd  a Nevada Corporation          Date
as Trustee of Acquipled Assets B T, a Nevada
Business Trust, Robert Brown Principal

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California       )
County of Los Angeles   )

On __2/19/201 6__ before me __Tae Hoen Kim__, a Notary Public, personally appeared, __Robert Brown__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal.

Signature                                              . (Seal)

## ABSOLUTE ASSIGNMENT OF RENTS RIDER

This ABSOLUTE ASSIGNMENT OF RENTS made February 19, 2016  between

Acquiplied Authority Ltd  a Nevada Corporation  is Trustee of Acquiplied Assets, B T , a Nevada Business Trust, Robert Brown Principal

hereinafter referred to as "Assignor" (also known as Trustor under the Deed of Trust of same date of which this document is a rider thereto) and

Richard M  Harmon, Trustee, TSG Financial Corp 401(K) Profit Sharing Plan and Trust, Plan C as to a 50% interest  The Gold 401K Profit Sharing Plan and Trust, Jonathan B  Brooks  Trustee as to a 50% interest ("Note Holder")

hereinafter referred to as "Assignee" (also known as Beneficiary under the Deed of  Trust of same date of which this document is a rider thereto) hereby agree to the following,

A  Assignor  is  the  record  fee  owner of the certain real property (the "Property" hereinafter)  consisting  of  a single family residence located in the City of Los Angeles, County of Los Angeles, State of California described as:

### SEE ATTACHED LEGAL DESCRIPTIONS

LOS ANGELES COUNTY ASSESSOR'S PARCEL NUMBER  5690-029-029 & 5690-029-039

B  Assignor, as Trustor, has executed a Deed of Trust in favor of Assignee, as Beneficiary, to secure a loan made by Assignee to Assignor  Said Deed of Trust incorporates this document by reference

NOW THEREFORE, FOR VALUABLE CONSIDERATION, the parties hereto agree as follows:

1.  Assignor grants  transfers and assigns to Assignee all rents, issues and profits from the Property, as well as Assignor's interest in all leases, oral or written, now in effect or hereinafter entered into concerning the Property

2   Assignor reserves the right to collect the rents, issues and profits from the Property only for so long as Assignor is not in default under the terms of the Deed of Trust

3   In the event of a default by Assignor under the terms of the Deed of Trust, Assignee shall be entitled to accelerate all sums due under the loan secured said Deed of Trust in accordance with the terms thereof and is authorized to enter into and upon the Property, by itself or through an agent, for the purpose of collecting the rents, issues and profits from the Property  In such event Assignee may, in its sole discretion, take and hold possession of the Property, operate and manage the Property and take such other action as it may deem necessary to protect its security interest in the Property and its rents, issues and profits. Assignor appoints Assignee its true, lawful and irrevocable attorney to demand  receive and enforce payment, to give receipts, releases and satisfactions, and to sue, either in the name of the Assignor or in the name of the Assignee, for all such rents

4   In addition to the rights set forth in paragraph 3 above  Assignee may exercise any other remedy it has at law or pursuant to the terms of the Deed of Trust  Without in any way limiting the foregoing, Assignee shall have the right, in its sole discretion, to seek the appointment of a receiver to take possession of the property, manage same, and collect the rents, issues and profits on behalf of Assignee

5.  Assignor agrees not to collect any rent  issues or profits accruing under the leases, rental agreements or otherwise from the Property in advance of the time when they shall become due without the prior written consent of Assignee  Assignee  does  not assume  any of the  Assignor's  obligations under  any lease or  any other  agreement  assigned hereunder, and Assignor agrees  to  keep  and  perform all obligations  thereunder  and  to  save Assignee harmless from the consequences of any failure to do so



6   Assignor agrees that it will not assign any interest in any lease or any other agreement to pay any rent assigned hereunder, and that notice of this Assignment may be given to any lessee or party to any such agreement at any time at Assignee's option.

7.  This Assignment is intended by Assignor and Assignee to create an absolute assignment to Assignee, rather than an assignment for security purposes only. Any sums collected by or on behalf of Assignee pursuant to the provisions of this Assignment shall be applied first to the payment of any costs incurred for management of the property and collection of rents (including, but not limited to receiver's fees, premiums on receiver's bonds and reasonable attorney's fees), and then to other sums secured by the Deed of Trust. All notices, requests, demands and other communications hereunder shall be deemed to have been duly given if delivered in person or by United States mail, certified or registered, return receipt requested, or otherwise actually delivered to the corresponding notice addresses listed below

Notice Address for Assignor (Trustor)                Notice Address for Assignee (Beneficiary):

Acquiplied Authority, Ltd.                           First Probate
c/o Robert Brown Esq                                 15915 Ventura Blvd , Suite 203
117 E. Colorado Blvd., #600                          Encino, CA 91436
Pasadena, CA 91105                                   Loan Numbers 32323 & 32324

8.  If Assignor has retained any of the executed instruments or indentures evidencing the leases, then such retention is agreed to be for the convenience only of Assignor, and shall not in any way be deemed to defeat or diminish any right Assignee under this Agreement Assignor further covenants, in such case, at any time, on demand of Assignee, to deliver all such lease instruments to Assignee.

9. Time is of the essence under this Absolute Assignment and any amendment, modification, or revision of it.

IN WITNESS WHEREOF, this absolute assignment of rents rider has been duly executed by Assignor

_Robert Brown_ _2-19-16_
Acquiplied Authority, Ltd , a Nevada Corporation          Date
as Trustee of Acquiplied Assets B T , a Nevada
Business Trust, Robert Brown Principal

A notary public or other officer completing this certificate verifies only the identity of the individual who signed
the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

State of California     )
County of Los Angeles   )

On __2/19/2016__ before me, __Tae Hoen Kim__ a Notary Public, personally appeared, __Robert Brown__ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which person(s) acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature                          (Seal)

## EXHIBIT A

Legal Description

The land hereinafter referred to is situated in the City of Los Angeles, County of Los Angeles, State of CA, and is described as follows

PARCEL 1

LOT 61 OF TRACT NO. 5401, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 57, PAGE 23 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM AN EASEMENT FOR EXCLUSIVE USE, INCLUDING WITHOUT LIMITATION FOR A DWELLING, CARPORT FENCING AND LANDSCAPING, ON PART OF SAID LOT 61 PARTICULARLY DESCRIBED AS FOLLOWS

ORIGINATING FROM A POINT THAT IS THE SOUTHWEST CORNER OF LOT 61, THENCE EASTERLY ALONG THE SOUTH LINE OF LOT 61 TO A POINT THAT IS 66 FEET FROM THE SOUTHWEST CORNER OF LOT 61, THENCE NORTHERLY TO A POINT ON THE NORTH LINE OF LOT 61 WHICH IS 66 FEET FROM THE NORTHWEST CORNER OF LOT 61, THENCE WESTERLY ALONG THE NORTH LINE OF LOT 61 TO A POINT THAT IS THE NORTHWEST CORNER OF LOT 61 THENCE SOUTHERLY ALONG THE WEST LINE OF LOT 61 TO THE POINT OF ORIGIN

PARCEL 2

AN EASEMENT FOR EXCLUSIVE USE AND POSSESSION, INCLUDING WITHOUT LIMITATION FOR A DRIVEWAY, FENCING AND SCAPING, ON SAID PORTION OF LOT 62 LIMITED TO A PART THEREOF DESCRIBED AS FOLLOW.

ORIGINATING FROM A POINT ON THE SOUTH LINE OF SAID PORTION LOT 62 THAT IS 66 FEET FROM THE SOUTHWEST COMER OF SAID PORTION OF LOT 62, THENCE EASTERLY ALONG SOUTH LINE OF SAID PORTION LOT 62 TO A POINT THAT IS THE SOUTHEAST CORNER OF SAID PORTION OF LOT 62, THENCE NORTHERLY TO A POINT THAT IS THE NORTHEAST CORNER OF LOT 62, THENCE WESTERLY ALONG THE NORTH LINE OF LOT 62 TO A POINT THAT IS 66 FEET FROM THE NORTHWEST CORNER OF LOT 62, THENCE SOUTHERLY TO THE POINT OF ORIGIN

APN: 5690-029-029
APN: 5690-029-039

## EXHIBIT A

### Legal Description

The land hereinafter referred to is situated in the City of Los Angeles, County of Los Angeles, State of CA. and is described as follows.

That portion of Lot 62 of Tract No. 5401, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 57, Page 23 of Maps, in the Office of the County Recorder of said County, lying Northerly of the Easterly prolongation of the Southerly line of Lot 45 of said Tract

Parcel 2

An easement for exclusive use, including without limitation for a dwelling, carport, fencing and landscaping, on part of said Lot 61 particularly described as follows.

Originating from a point that is the southwest corner of lot 61, thence easterly along the south line of lot 61 to a point that is 66 feet from the southwest corner of Lot 61, thence northerly to a point on the north line of Lot 61 which is 66 feet from the northwest corner of lot 61, thence westerly along the north line of Lot 61 to a point that is the northwest corner of Lot 61, thence southerly along the west line of Lot 61 to the point of origin

Parcel 3

An easement for gas, water and sewer lines of record running from said part of lot 61 of east line of Lot 61. The foregoing easements on said part of Lot 61 are exclusive, perpetual, binding on successors and assigns, run with the land and are appurtenant to and for the benefit of said portion of Lot 62.

APN 5690-029-039
APN 5690-029-029

## PROMISSORY NOTE SECURED BY DEED OF TRUST
### (This note contains an acceleration clause)
### (This Note contains a default interest rate)

Loan No. ███████████          Date of Funding _____

Documents Date: February 19, 2016

$40,000.00          Los Angeles, California

For value received, the undersigned, promise(s) to repay to:

Richard M. Harmon, Trustee, FSG Financial Corp. 401(K) Profit Sharing Plan and Trust, Plan C as to a 50% interest; The Gold 401K Profit Sharing Plan and Trust, Jonathan B. Brooks, Trustee as to a 50% interest ("Note Holder"):

Or order, at a place that may be designated by the Note Holder, the sum of:

Forty Thousand exactly and 00/100

with interest from the above Date of Funding on the unpaid principal at the rate of 18.00% percent per annum ("Nominal Rate") payable in one installment of $40,000.00 (plus interest from the Date of Funding) on maturity date, 03/01/2017 at which time all sums of principal and interest then remaining unpaid shall be due and payable in full. Interest shall be calculated on a 365 day year and on an ordinary annuity calculation basis. Each payment shall be credited first on interest then due and the remainder on principal, and interest shall thereupon cease upon the principal so credited.

Upon default in any payment of any installment, then the balance of this obligation shall become due immediately at the option of the Holder hereof. Principal and interest are payable in lawful money of the United States of America. Except where federal law is applicable, this Note shall be construed and enforceable according to the laws of the State of California for all purposes. Time is of the essence for each and every obligation under this Note.

After the maturity of this Note by acceleration or otherwise, the interest rate applicable hereto shall be the Nominal Rate set forth above plus ten percentage points (10%) ("Default Rate"). Additionally upon default under this Note, or default under any terms of the Deed of Trust securing this note, the interest rate shall be the Default Rate until the date the default is cured in full.

Upon any default of this Note or if this Note is not paid when due, Borrower promises to pay, in addition to the principal and interest due under this Note all costs of collection and any actual attorney's fees incurred by the Note Holder or its agents and/or assigns thereof on account of such collection, whether or not suit is filed hereon. Each Borrower consents to renewals, replacements, and extensions of time for payment hereof before, at, or after maturity, consents to the acceptance of security for this Note and waives demand, protest and any applicable statute of limitations.

**Default Interest**. Should Borrower default in the performance of any term or condition of this Note or default in the performance of any terms of the Deed of Trust securing this note, the unpaid principal shall bear interest at the Nominal Rate set forth above plus five percentage points (5%) ("Default Rate") without the requirement of any notice. The Default Rate shall commence as of the date of the default and shall continue until such time all defaults have been cured or loan has been paid off.

**Failure to Pay at Maturity Date -Default Rate**. Should Borrower fail to pay all sums due under this Note at the Maturity Date set forth above, the unpaid principal shall bear interest at the Nominal Rate set forth above plus five percentage points (5%) ("Default Rate"), without the requirement of any notice

Initials  RB

**Late Charge for Delinquent Payment** If the principal amount is not paid back by the maturity date, the Borrower agrees to pay one late charge of $4,000.00 All late charges are to be paid immediately on demand

In addition, if any balloon payment is delinquent more than 10 days the Borrower agrees to pay a late charge equivalent to the maximum late charge which could be assessed on the largest single regular installment due under this note This late charge on the balloon payment is to continue to be assessed for each subsequent period of time equal to the regular installment period under this note until the balloon payment and all other fees, interest and charges due under this note are paid in full

Borrower and Note Holder agree that it would be difficult to determine the actual damages to the Note Holder or Agent for the Note Holder the return of an unpaid check provided by Borrower It is hereby agreed that Borrower will pay the sum equal to 4.000% of the amount returned or $50.00, whichever is greater However, in any event the maximum charge for an unpaid check is not to exceed the sum of $200.00 This amount is in lieu of any statutory monetary penalty, if any however, Note Holder does not waive any other rights that may be authorized under any statute

The Note Holder or its assignee shall have the right to sell assign or otherwise transfer, either in part or in its entirety this Note, the Deed of Trust, and other instruments evidencing or securing the indebtedness of this Note to one or more investors without the Borrower's consent A default upon any interest of any Note Holder shall be a default upon all interests.

The principal and accrued interest on this loan may be prepaid in whole or in part at any time but a prepayment made shall be subject to the following prepayment charge, whether such prepayment is voluntary, involuntary or results from default in any term of this Note or the Deed of Trust by which it is secured

☒ Other – you will have to pay a prepayment penalty if the loan is paid off or refinanced during the term of the loan, as follows

THE FIRST SIX MONTH PREPAYMENT PENALTY PERIOD is NOT WAIVABLE, and as follows:
Any prepayment made prior to six ("6 ) months from the First Payment Date shall pay a prepayment penalty equal to the amount of unpaid interest from the date interest last paid to until a date six ("6") months from the First Payment Date, but in no event shall such prepayment exceed an amount equal to six ("6") months advance interest at the note rate

THE FOLLOWING CONDITIONAL PREPAYMENT PENALTY PERIOD, to be WAIVED BY Note Holder IF principal and interest payments due to date have been received prior to the maturity date, otherwise, any payment of principal, in any calendar year, in excess of 20% of the original loan balance will include a penalty not to exceed six ("6") months interest at the note rate.

This Note and all of the covenants, promises and agreements contained in it shall be binding on and inure to the benefit of the respective legal and personal representatives, devisees heirs, successors, and assigns of the Borrower and the Note Holder

If the Note Holder has required Borrower to pay immediately in full as described above, the Note Holder will have the right to be paid all its costs and expenses to the extent not prohibited by applicable law Those expenses include, for example, reasonable attorney's fees.

Robert Br———                     2-19-16
————————————————————            ————
Acquiplied Authority, Ltd., a Nevada Corporation        Date
as Trustee of Acquiplied Assets B T., a Nevada
Business Trust, Robert Brown Principal



**This page is part of your document - DO NOT DISCARD**



## 20180002222

Pages:
0007

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**01/02/18 AT 08:00AM**

| | |
|---|---|
| FEES: | 32.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 32.00 |





**L E A D S H E E T**



201801020190005

00014734058

008822884

**SEQ:**
**20**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**



T18

RECORDING REQUES . UP B Y:

Ticor Title Company of California

490502

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL
TO:
First Probate
15915 Ventura Boulevard, Suite 203
Encino, CA 91436



*20180002222*

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## MODIFICATION AGREEMENT

This Agreement is made as of the date subscribed below by and betweem **Acquiplied Authourity, Ltd, a Nevada Corporation as Trustee of Acquiplied Assets, B.T., a Nevada Business Trust, Robert Brown Principal** (hereinafter referred to as "Borrower") and **The Gold 401K Profit Sharing Plan and Trust, Jonathan B. Brooks, Trustee** (hereinafter collectively referred to as "Brooks").

### RECITALS

WHEREAS, Borrower entered into that certain Promissory Note dated **February 19, 2016** ("Note") in the amount of $40,000.00 owing to (a) Richard M. Harmon, Trustee, TSG Financial Corp. 401(K) Profit Sharing Plan and Trust, Plan C ("Harmon") as to a 50% interest and to (b) the Gold 401K Profit Sharing Plan and Trust, Jonathan B. Brooks, Trustee ("Brooks") as to a 50% interest, secured by that certain Deed of Trust of even date and recorded as Instrument No. **20160212040** in Official Records, Recorder's Office, Los Angeles County, California on **February 26, 2016** ("Deed of Trust"), (collectively referred to as the "Loan") encumbering the property legally described as:

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

which is commonly known as **4833 Genevieve Avenue Los Angeles, CA 90041 at the physical address 1107 Yosemite Drive Los Angeles, CA 90041**(the "Property"), and

WHEREAS, Brooks represents that it has paid the $20,000.00 50% interest of Harmon in consideration of assignment ("Harmon Assignment") of Harmon's interest in the Note and Deed of Trust to Brooks, and

WHEREAS, Borrower desires to modify the terms of the Note to provide for a new and adjusted balance and new maturity date,

NOW THEREFORE, in consideration of the foregoing recitals, the agreements hereinafter contained and other good and valuable consideration the receipt of which is hereby acknowledged, the parties agree as follows:

Initial _____  _____  ___ ___                                    Page 1 of 4

21



1.    <u>Principal Amount:</u> The Principal Amount of the Note is **$72,108.00**

2.    <u>Maturity:</u> The Note matures July 1, 2018.

3.    <u>Interest:</u> Interest remains **18%** per annum.

4.    <u>Monthly Payments:</u> None.

5.    <u>Payment Upon Execution:</u> Upon execution of this agreement, Borrower pays **$5,087.39** to Brooks.

All other terms and conditions of the Note and Deed of Trust remain the same, except that there is no Default Rate, No Default Interest, No Late Charge and no Prepayment Penalty. The parties agree to amendment of the terms of the Note only to the extent herein and specifically set forth on the condition that such amendment shall not prejudice any other existing or future rights, remedies, benefits or powers belonging or accruing to them as hereby amended or of the Deed of Trust. This Modification Agreement is expressly contingent upon Brooks delivering to Borrower's title insurer the notarized Harmon Assignment for recording with Los Angeles County Recorder, as well as subordination of the Deed of Trust to be in second position on the Property.

In consideration of the above modification of the Note and Deed of Trust, the parties mutually release other, any past or future assignee or payee of the Loan, and each of their officers, directors, agents and representatives, from any and all liability, demands, causes of action, accountings or claims of any nature arising out of the advertising, negotiation, disclosure, underwriting, processing, making, settlement, servicing or any other aspects of the relationship between the parties concerning the Note and Deed of Trust, known or unknown, suspected or unsuspected, arising since the Loan was applied for to the present, including claims under the Truth-in-Lending Act, Real Estate Settlement Procedures Act, State Real Estate Law and all state and federal statutory, regulatory or case law, but excluding obligations created in this agreement and the on-going obligations under the Note and Deed of Trust. Borrower acknowledge that such release includes a waiver of the right to make claims based upon the discovery of new facts and circumstances, and in that light, waives the application of any state or federal laws providing for relief from general releases, including <u>California Civil Code Section 1542</u> which provides:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTNG THE RELEASE. WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

Initial _____                      Page 2 of 4

The parties waive any statute of limitations of the Note that may have been provided by law and agrees that any alleged prior statute of limitations has not and will not be exercised against this Note and in particular any statute of limitations that may have effected the Note pursuant to Code of Civil Procedure §337 and or California Civil Code §882.020 and any and all other applicable California limitations of actions on said Note. In lieu thereof, Borrower and Lender agree that all applicable statutes of limitations relating to this Modification of Note and Deed of Trust and Settlement Agreement, commence upon and in the event of default of this Note as amended pursuant to this Modification of Note and Deed of Trust and Settlement Agreement.

Nothing contained in this agreement shall be construed as an admission by any party to this agreement of the validity of the claims of the other party to this agreement. The parties hereto specifically disclaim any liability to each other.

This agreement contains the entire understanding between the parties about the claim and the modification of the Note and Deed of Trust. No express or implied warranties, covenants or representations have been made concerning the subject matter of this agreement unless expressly stated herein. Any prior written or oral negotiations not contained in this agreement are of no force or effect whatsoever.

This Agreement shall be construed as if prepared by all parties even though one party prepared it. This agreement may be executed in one or more counterparts or signature pages, each of which shall be deemed an original and which together shall constitute one instrument. No amendment, modification or waiver of any provision of this agreement shall be effective unless in writing and signed by all parties. Upon signature by all parties, this agreement is binding upon the parties, their successors, heirs and assigns.

The parties acknowledge and represent that they have consulted their legal, tax and financial advisors before entering into this agreement, that they have read and understand this agreement in its entirety, that they are giving up their rights to ever make a claim against each other about any aspect of the Note and Deed of Trust to date or their relationships to each other, that they are not under any pressure from any source to settle and that they are not advisors with respect to each other.

**IN WITNESS WHEREOF**, the parties represent that each has the capacity to execute this Modification Agreement either for himself, herself or on behalf of the respective entity indicated below and has signed this Modification Agreement effective as of the date set forth above.

Initial _____    Page 3 of 4

BORROWER: _____ _12/14/17_

Acquiplied Authority, Ltd, a Nevada Corporation
as Trustee of Acquiplied Assets, B.T., a Nevada Business Trust,
By: Robert Brown, Authorized Officer of Acquiplied Authority, Ltd.

State of California        )
County of Los Angeles      )

On December ____, 2017 before me, _____, a Notary Public,
personally appeared, __Robert A. Brown__, who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of which person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____ (Seal)

_P/s. See_
_attached NOTARY_
_Certificate !_

BROOKS: _____
The Gold 401K Profit Sharing Plan and Trust,
By: Jonathan B. Brooks, Trustee

State of California        )
County of Los Angeles      )

On December _18_, 2017 before me, _Yanira E. Lima Ramirez_, a Notary Public,
personally appeared, __Jonathan Brooks__, who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of which person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____ (Seal)

YANIRA E. LINA RAMIREZ
Notary Public – California
Los Angeles County
Commission # 2095354
My Comm. Expires Oct 9, 2018

Initial _____                    Page 4 of 4

## ALL-PURPOSE NOTARY CERTIFICATE OF ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

On _12/14/2017_ before me, ABRAHAM KHOUREIS, a Notary Public,

personally appeared _ROBERT A. BROWN, representing Acgmplied Authority, LTD., as its Authorized officer_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

```
ABRAHAM KHOUREIS
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMMISSION # 2110384
MY COMM. EXPIRES JUNE 4, 2019
```

(Notary Seal)

## OPTIONAL ENTRIES

Title or Type of Document: _Modification Agreement_

Name of Other Party(ies) Involved: _Jonathan B. Brooks, Trustee_

Date of Document: _12/14/17_  No. of Pages: _4_  Type of ID. Used: _CADL_

Company Represented: _Acgmplied Authority, LTD._  Officer's Title: _Authority officer_

© 2015 ALL RIGHTS RESERVED · AMERICAN NOTARY GROUP · AmericanNotary.com · Reorder at: (323)349-0880

PRELIMINARY REPORT
YOUR REFERENCE:

Ticor Title Company of California

## EXHIBIT "A"

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Parcel 1:

Lot 61 of Tract No. 5401, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 57, Page 23 of Maps, in the Office of the County Recorder of said County.

APN: 5690-029-029

Parcel 2:

That portion of Lot 62 of Tract No. 5401, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 57 Page 23 of Maps, in the Office of the County Recorder of said County, lying Northerly of the Easterly prolongation of the Southerly line of Lot 45 of said Tract.

Excepting and reserving unto the City of Los Angeles, all oil, gas, water and mineral rights now vested in the City of Los Angeles without, however, the right to use the surface of said land or any portion thereof to a depth of 500 feet below the surface, for the extraction of such oil, gas, water and minerals.

APN: 5690-029-39 (Vacant Land)

APN: **5690-029-029 & 5690-029-039**



**This page is part of your document - DO NOT DISCARD**



# 20160406168



**Pages:
0002**

**Recorded/Filed In Official Records
Recorder's Office, Los Angeles County,
California**

**04/12/16 AT 01:04PM**

| | |
|---|---|
| FEES | 18 00 |
| TAXES | 0 00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |





**LEADSHEET**



201604121890047

00011945563



007487466

**SEQ:
01**

**DAR - Counter (Upfront Scan)**

**THIS FORM IS NOT TO BE DUPLICATED**





**When Recorded Mail To:**

Jonathan Brooks, Trustee
Gold 401K Profit Sharing Plan & Trust
4924 Balboa Blvd., Suite 147
Encino, CA 91316



**(This Area For Recorder's Use Only)**

# ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned hereby grants, assigns and transfers to The Gold 401K Profit Sharing Plan & Trust, Jonathan B. Brooks, Trustee, all beneficial interest under that certain Deed of Trust dated February 19, 2016, executed by Acquiplied Authority, Ltd., a Nevada Corporation as Trustee of Acquiplied Assets, B.T., a Nevada Business Trust, Robert Brown, Principal, and FCI Lender Servicing, Inc., Trustee, in favor of Richard M. Harmon, Trustee, TSG Financial Corp 401(K) Profit Sharing Plan and Trust, Plan C as to a 50% interest; The Gold 401K Profit Sharing Plan and Trust, Jonathan B. Brooks, Trustee as to a 50% interest, and recorded as Instrument Number 2016212040 on February 26, 2016 of Official Records in the Office of the County Recorder of Los Angeles County State of California, describing land in said County as

SEE ATTACHED LEGAL DESCRIPTIONS
LOS ANGELES COUNTY ASSESSOR'S PARCEL NUMBERS  5690-029-029 & 5690-029-039

COMMONLY KNOW AS  4833 Genevieve Avenue, Los Angeles, CA 90041 (APN  5690-029-029) and 1107 Yosemite Drive, Los Angeles, CA 90041 (APN  5690-029-039)

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Dated: 3/18/2016

TSG Financial Corp 401(K) Profit Sharing Plan and Trust, Plan C

Richard M Harmon, Trustee

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

State of California
County of Los Angeles ) ss.
San Bernardino ) ss.

On March 16, 2016 before me,  Darla Brown  , a Notary Public in and for said State, personally appeared Richard M. Harmon  , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature Darla Brown (Seal)

DARLA BROWN
Commission # 2032480
Notary Public - California
San Bernardino County
My Comm. Expires Jul 4, 2017

# Assignment of Promissory Note

WHEREAS, Richard M. Harmon, Trustee, TSG Financial Corp. 401(K) Profit Sharing Plan and Trust, Plan C, as to a fifty percent (50%) interest (hereinafter referred to as "Assignor") is the owner and holder of the following described promissory note:

Maker(s): Acquiplied Authority, Ltd., a Nevada Corporation as Trustee of Acquiplied Assets, B.T., a Nevada Business Trust, Robert Brown, Principal
Face amount: $40,000.00 (Forty Thousand & 00/100 dollars)
Interest rate: 18.00%
Present balance due Assignor: $20,000.00 (Twenty Thousand & 00/100 dollars) plus interest from February 19, 2016.

NOW THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties, intending to be legally bound, agree as follows:

1. Assignor hereby assigns and transfers all his right, title and interest in the aforementioned promissory note to The Gold 401K Profit Sharing Plan and Trust, Jonathan B. Brooks, Trustee (the "Assignee").

2. The Maker agrees to abide by the terms of this Assignment of Promissory Note and honor all its obligations thereunder to the Assignee.

3. This assignment is without recourse to the Assignor.

Dated:

Richard M. Harmon, Trustee, TSG Financial Corp. 401(K) Profit Sharing Plan and Trust,
Plan C

_____ Assignor

Dated.

The Gold 401K Profit Sharing Plan and Trust, Jonathan B. Brooks, Trustee

_____ Assignee

IT 5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

3880 Lemon Street, Suite 500, Riverside, CA 92501

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _10/22/2019_ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) _10/22/2019_ , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| _10/22/2019_ | _Wendy M. Patrick_ | _/s/ Wendy M. Patrick_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ECF LIST:

- **Alan F Broidy - DISBARRED -**   alan@broidylaw.com,
  sherrie@broidylaw.com
- **Robert A Brown**   rab@rablaws.com
- **Stephen L Burton**   steveburtonlaw@aol.com, ellie.burtonlaw@gmail.com
- **Howard M Ehrenberg (TR)**   ehrenbergtrustee@sulmeyerlaw.com,
  ca25@ecfcbis.com;C123@ecfcbis.com;hehrenberg@ecf.inforuptcy.com
- **Asa S Hami**   ahami@sulmeyerlaw.com,
  pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerl
  aw.com;ahami@ecf.inforuptcy.com
- **D Edward Hays**   ehays@marshackhays.com,
  8649808420@filings.docketbird.com
- **Dare Law**   dare.law@usdoj.gov,
  ron.maroko@usdoj.gov;Alvin.mar@usdoj.gov
- **Laila Masud**   lmasud@marshackhays.com,
  8649808420@filings.docketbird.com
- **Martin W. Phillips**   marty.phillips@att.net
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Claire K Wu**   ckwu@sulmeyerlaw.com,
  mviramontes@sulmeyerlaw.com;ckwu@ecf.courtdrive.com;ckwu@ecf.inforup
  tcy.com

Acquiplied Assets, B.T.

Case No. 2:18-bk-18709-NB

Service List:

Third Trust Deed:

Private Money Lenders

17715 Chatsworth Street, #101

Granada Hills, CA 91344

Tax Lienholder:

Los Angeles County Tax Collector

P.O. Box 54110

Los Angeles, CA 90054

Honorable Neil W. Bason

United States Bankruptcy Judge

Edward R.Roybal Federal Building andCourthouse

255 E. Temple Street, Suite 1552

Los Angeles, CA 90012